## Farr v. Peoples Coal Company et al.

*Practice—Non pros.—Delay after suit started—Laches—Disappearance of witnesses.*

Where plaintiff does nothing for almost seven years after his statement of claim in trespass has been filed, defendant's motion to have the suit dismissed for want of due prosecution will be granted, where the petition alleges that some necessary witnesses have disappeared and the personal recollection of others has so far failed that defendant will be prejudiced in making his defence, and plaintiff fails to show reasonable excuse for the delay.

Motion for judgment of *non pros.* C. P. Lackawanna Co., Nov. T., 1918, No. 39.

*P. V. Mattes*, for plaintiff; *R. W. Rymer* and *D. R. Reese*, for defendant.

NEWCOMB, P. J.—Sept. 28, 1918, summons in trespass duly served and returned. Nov. 14, 1919, plaintiff's statement filed. From that day ever since the suit has lain dormant. Hence, this motion to dismiss for want of

Farr v. Peoples Coal Company et al.

due prosecution.   The petition is that of the Delaware, Lackawanna & Western Railroad Company, one of the two defendants, which alleges that, in the meantime, some of the necessary witnesses have disappeared and that in case of others their personal recollection has so far failed that petitioner—the only solvent defendant—would be greatly prejudiced in and about making the defence to which it is justly entitled.

This is not at all unlikely, in view of the fact that the injury complained of, if any, must have occurred between 1912 and 1918.   Plaintiff necessarily has the burden of accounting for his long delay on grounds which fairly relieve him from the imputation of laches.   This he has undertaken to do by formal answer.

He says he had reasonable grounds for his personal delay in and about moving the case for trial, and "to leave the initiative for so doing to defendant if it deemed itself prejudiced by delay."

This may have been very considerate.   His forbearance, however, having been quite unsolicited, must be charged to his own account, not that of defendant.   The suggestion only serves to convict plaintiff of deliberate procrastination.   Next, it is said that, owing to the congestion of the trial list for the first two years, he was excused for his failure to move in the matter.

If the first reason could be taken seriously, the second—though sound—could be dispensed with.   If it were the reasonable thing for plaintiff to accord defendant "the initiative," he needs no other excuse.

But, waiving that, he has contented himself with a general assumption without any information on the subject of the trial list.   For the sake of discussion, it may be conceded that it might have some bearing on the question at issue if the fact were made to appear that during the first two years of its pendency it would have been fruitless to order the case for trial.   It does not so appear; and, what is more, it could not be so made to appear.

Finally, plaintiff refers to the nature of his claim and goes on to say that from 1921 there were repeated legislative attempts to create a fund by taxation for the relief of claimants of his class whose surface property had suffered a subsidence occasioned by coal mining operations in this city.

Had one or other of these attempts turned out as their advocates had anticipated, he says he could have resorted to that fund, thus releasing defendant from any demand in the premises.

In that regard plaintiff's expectations were eventually disappointed.   But, says he, it was of such character that, so long as the hope could be entertained, the "presumption of laches in analogy to the statute of limitations was tolled, there being a just and reasonable excuse for not proceeding to trial during all of said interval."

This proposition is somewhat radical.   So far as can be discovered, it rests solely upon the authority of this pleader.   One may be pardoned if he cannot resist the impression that it calls for some corroboration before it could be held that plaintiff was at liberty to speculate from year to year on the chance of redress from some other source without incurring the imputation of laches in this proceeding.

The grounds set up in his answer may have the distinction of originality, but other merit they have none.

The motion is allowed, the rule to show cause made absolute, and thereupon judgment of *non pros.* is entered as prayed for.

From William A. Wilcox, Scranton, Pa.